```
 1  JOSEPH P. RUSSONIELLO (CABN 44332)
    United States Attorney
 2
    BRIAN J. STRETCH (CABN 163973)
 3  Chief, Criminal Division

 4  AARON D. WEGNER (ORBN 03535)
    Assistant United States Attorney
 5
       450 Golden Gate Avenue
 6     San Francisco, California
       Telephone:  (415) 436-6831
 7     Facsimile: (415) 436-6982
       E-Mail: aaron.wegner@usdoj.gov
 8
    Attorneys for Plaintiff
 9
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No. CR-08-0747 CRB |
|---|---|
| Plaintiff, | ) |
| v. | ) [~~PROPOSED~~] ORDER OF DETENTION |
| KAI XIA, | ) |
| Defendant. | ) |

## I.   INTRODUCTION

A detention hearing in the above-captioned case for defendant Kai Xia was conducted on October 27, 2008.  The Court has carefully considered the proffers of the government and the defendant's counsel and the pre-trial services report.  The Court finds by a preponderance of the evidence that the defendant poses a risk of flight.  The Court finds, for the reasons set forth below, that there are no conditions, or combinations of conditions which could be fashioned in order to assure the appearance of the defendant for trial if he is released.  Therefore, for the reasons set forth herein, the Court orders that the defendant be detained.

CR 08-0747 CRB
Detention Memorandum                    1

II.     **FACTORS TO CONSIDER UNDER 18 U.S.C. § 3142**

    1.     **Charges and Rebuttable Presumption**

On October 23, 2008, the Grand Jury for the Northern District of California returned an indictment charging defendant Kai Xia ("Xia") with conspiracy to distribute ecstasy in violation of Title 21 U.S.C. § 846. The conspiracy count carries a maximum sentence of twenty years in prison. Therefore, there is a rebuttable presumption that he is both a flight risk and a danger. *See* 18 U.S.C. §3142(e).

    2.     **Defendant's Travel to Canda**

According to proffers by the Government, Xia has traveled to Canada on numerous occasions since 2003 in connection with his ecstasy manufacturing activities. The Government has proffered that the defendant most recently traveled to Canada two weeks prior to his arrest in this case, which occurred on October 10, 2008. Furthermore, the Government has proffered that the defendant was planning to return to Canada in order to assist a Vancouver based ecstasy manufacturing operation. The Court finds that Xia's frequent travel to Canada demonstrates that he is a serious flight risk if released on bail in this case.

    3.     **Defendant's Employment History**

The defendant has been unemployed for the past year and a half. He also reported being unemployed from 2001-2002. Thus, the pretrial services report reflects an inconsistent history of employment.

III.     **LEGAL AUTHORITY TO DETAIN THE DEFENDANT**

Under the Bail Reform Act, an authorized judicial officer may order the detention or release of a defendant pending trial. A rebuttable presumption of both dangerousness and risk of flight exists when the defendant is charged with a drug felony that carries a maximum term of imprisonment of ten years or more. 18 U.S.C. §3142 (e). Once the defendant produces some evidence to rebut the presumption, the presumption has been rebutted. *United States v. Cook*, 880 F. 2d 1158, 1162 (10th Cir. 1989). However, the

CR 08-0747 CRB
Detention Memorandum                  2

presumption does not disappear, but rather remains as a factor for consideration in the Court's determination. *Id*.

The judicial officer may detain a defendant if the Government proves by a preponderance of the evidence that the defendant poses a risk of flight. *United States v. Motamedi*, 767 F. 2d 1403, 1407 (9th Cir. 1985), *United States v. Gebro*, 948 F. 2d 1118, 1121 (9th Cir. 1991). The preponderance of evidence shows a risk of flight where, among other factors, the weight of the evidence is enough to alert the defendants to a "reasonable possibility of conviction." *United States v. Townsend*, 897 F. 2d 989, 993-94 (9th Cir. 1990). A defendant's financial condition and the length of sentence he or she faces are of particular importance in assessing the risk of flight.

The judicial officer may also detain a defendant where the Government shows by clear and convincing evidence that no release condition will reasonably assure the safety of the community. Specifically, detention may be ordered where the court finds no condition or combination of conditions could prevent the defendant's continued or future criminal activity. *United States v. Salerno*, 481 U.S. 739 (1987).

In assessing danger, physical violence is not the only form of danger contemplated by the statute. Danger to the community can be in the form of continued narcotics activity or even encompass pecuniary or economic harm. *United States v. Reynolds*, 956 F.2d 192 (9th Cir. 1992). Propensity to commit crime generally may constitute a sufficient risk of danger to come within the act. *See United States v. Karmann*, 471 F. Supp. 1021, 1022 (C.D. Cal 1979).

In short, the Government bears the burden of proving by a preponderance of the evidence that the defendant poses a flight risk, or by clear and convincing evidence that the defendant poses a danger to the community. *United States v. Gebro*, 948 F. 2d 1118, 1120 (9th Cir. 1991); *United States v. Motamedi*, 767 F. 23d 1403, 1405 (9th Cir. 1985).

///

CR 08-0747 CRB
Detention Memorandum                     3

IV. **CONCLUSION**

The Court finds that the defendant has not overcome the rebuttable presumption that he is a flight risk. *See* 18 U.S.C. §3142(e). Given the defendant's frequent travels to Canada for criminal purposes, including travels within the past two months, and the defendant's sporadic employment history, the Court finds by a preponderance of the evidence that no conditions or combination of conditions or release it could fashion would assure the defendant's appearance for trial if he was released. Therefore, the Court ORDERS that the defendant be detained.

October 27, 2008

_____
HON. JAMES LARSON
UNITED STATES MAGISTRATE JUDGE

CR 08-0747 CRB
Detention Memorandum      4